UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA NO. 10218019 | No. 11-mc-362<br><br>FILED UNDER SEAL<br>PURSUANT TO LCrR 6.1 |

## UNOPPOSED MOTION TO UNSEAL THE MOTION TO INTERVENE AND TO QUASH AND RELATED FILINGS

Pursuant to Local Criminal Rule 6.1, the individual whose identity was sought by Grand Jury Subpoena No. 10218019, and who filed the Motion to Intervene and to Quash in this miscellaneous action, hereby moves to unseal. (i) that motion, (ii) the government's response, (iii) this Court's order denying the motion as moot, (iv) this motion to unseal, and (v) the Court's order on this motion.

The United States does not oppose the granting of the relief requested in this motion.

### POINTS AND AUTHORITIES

On March 24, 2011, a federal grand jury in this district issued Subpoena No. 10218019 to the company that owns the popular Internet blog-hosting service WordPress. The subpoena sought the identity of a blogger (the "Blogger") who had posted certain comments about several United States Senators on his or her blog.

On June 23, 2011, undersigned counsel filed a motion to intervene and to quash that subpoena on behalf of the Blogger. The motion argued that the Blogger's Internet postings were protected by the First Amendment, that they could not reasonably be construed as threats, and that the subpoena was therefore improper. The government's

RECEIVED
OCT 12 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

only response to that motion was to withdraw the subpoena. The grand jury's investigation of the Blogger is therefore closed.

> Local Criminal Rule 6.1 ("Grand Jury Matters") provides as follows:
>
> A motion or application filed in connection with a grand jury subpoena or other matter occurring before a grand jury, all other papers filed in support of or in opposition to such a motion or application, and all orders entered by the Court in connection therewith, shall be filed under seal. Such a motion or application shall be assigned a Miscellaneous case number. All hearings on matters affecting a grand jury proceeding shall be closed, except for contempt proceedings in which the alleged contemnor requests a public hearing. Papers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury.

Here, "continued secrecy" of the motion to intervene and to quash, and related court filings "is not necessary to prevent disclosure of matters occurring before the grand jury," for the simple reason that nothing in these filings discloses anything that has occurred before the grand jury. Instead, the filings disclose only the existence of a subpoena seeking the Blogger's identity, and the content of certain blog posts published by the Blogger, all of which the Blogger is legally entitled to disclose. As the court of appeals has explained, the recipient of the subpoena would be entirely free to publish the subpoena, together with its legal analysis of the subpoena's lawfulness, on the Internet or anywhere else.

> A grand jury witness is legally free to tell, for example, his or her attorney, family, friends, associates, reporters, or bloggers what happened in the grand jury. For that matter, the witness can stand on the courthouse steps and tell the public everything the witness was asked and answered. *See* Fed. R. Crim. P. 6(e)(2)(A)-(B); Fed. R. Crim. P 6, Advisory Committee Notes, 1944 Adoption, Note to Subdivision (e) ("rule does not impose any obligation of secrecy on witnesses").

*In re Grand Jury*, 490 F.3d 978, 989 (D.C. Cir. 2007) (per curiam) (holding that grand jury witnesses are entitled to review the transcripts of their own testimony). Federal Rule of Criminal Procedure 6(e) imposes no greater obligation of secrecy on the Blogger.[1]

Unsealing the motion to intervene and to quash, this motion to unseal, and related filings would disclose nothing even remotely sensitive – especially compared to a witness's public disclosure of the questions asked by, and the answers given to, a grand jury. Most of the motion to intervene and to quash consists of legal argument and citation of authority about the right of the Blogger to intervene and about the constitutional limitations on a grand jury's power to inquire into political commentary. Likewise, most of the instant motion to unseal consists of legal argument. There is nothing secret about that – and certainly nothing that should be secret. The facts stated in the motion to intervene and to quash consist of statements published on the Blogger's own blog or in other public sources such as newspapers and public websites – again, nothing that is or should be secret.[2]

Additionally, there is a strong public interest in unsealing these papers, because the public ought to know that federal prosecutors in the nation's capital are seeking to

---

[1] Having filed the motion to intervene and quash under seal pursuant to this Court's local rules, the Blogger and his counsel are now seeking to unseal the pleading in an abundance of caution, without intending to concede that they are not otherwise legally authorized to make public the facts of this case, including the text of the motion to intervene and quash.

[2] To be sure, unsealing the motion to intervene and to quash would disclose that the grand jury had been interested in one of the Blogger's blog posts. But just as a grand jury witness is free to inform the public that she has been subpoenaed to testify, and to disclose what questions the grand jury asked her, the Blogger is free to disclose that the grand jury was interested in one of his or her own blog posts. No one else's privacy is implicated.

subpoena a blog hosting service for the identity of an anonymous blogger based on opinions expressed on a blog. The unsealing of these papers may educate other anonymous bloggers and Internet speakers about the risks that their own identities may be sought based on what they say or how they say it, and about their own constitutional rights. This Court's published opinions in *In re Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461*, 706 F. Supp. 2d 11 (D.D.C. 2009), and *In re Grand Jury Subpoena to Kramerbooks & Afterwords, Inc.*, Nos. 98-MC-135-NHJ, 98-138-NHJ, 26 Med L. Rptr. 1599, 1600 (D.D.C Apr. 6, 1998), demonstrate the value of such public education, and also demonstrate that public disclosure of basic facts about the nature of a closed grand jury investigation does not necessarily compromise the work of the grand jury or involuntarily invade the privacy of any person

## CONCLUSION

For the reasons stated above, the motion to unseal the filings identified in the opening paragraph of this motion should be granted, and those filings should be unsealed and placed on the public docket A proposed order is attached.

Respectfully submitted,

/s/ *Arthur B. Spitzer*

Arthur B. Spitzer (D.C. Bar No 235960)
American Civil Liberties Union
 of the Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, D C. 20036
Tel 202-457-0800
Fax 202-452-1868
art@aclu-nca.org

/s/ *Steven Salky*

Steven Salky (D.C. Bar. No. 360175)
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel  202-778-1828
Fax 202-822-8106
ssalky@zuckerman.com

October 12, 2011

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Motion to Unseal upon

T Patrick Martin, Esq.
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530

by first-class mail, postage pre-paid, this 12th day of October, 2011.  A courtesy copy was also sent to him by e-mail at Thomas.Martin@usdoj.gov

/s/ *Arthur B. Spitzer*

Arthur B. Spitzer